Workers B. & L. Assn. *v.* Rosenbaum et al., Appellants.

Argued September 29, 1932.

158

Before
TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*David F. Maxwell,* and with him *Edmonds, Obermayer & Rebman,* for appellants, cited: School Directors v. McBride, 22 Pa. 215; Fisher v. South Williamsport, 1 Pa. Superior Ct. 386.

*Harry J. Gerber,* for appellee, cited: Franey v. Miller, 11 Pa. 424.

OPINION BY TREXLER, P. J., November 23, 1932:

In 1924 Gosfield acquired title to premises 1821 and 1823 Diamond Street, in the City of Philadelphia. The two properties at that time were adjoining three-story dwellings. About two years after, he removed the stairway in 1821 Diamond Street and made one large apartment house of the two buildings; the only means of entrance to the upper floors of the premises 1821 being through the stairway in 1823 Diamond Street. In 1928 the two properties were separately sold at sheriff's sale; premises 1821 to Morris Rosenbaum and 1823 to the Workers Building and Loan Association.

Upon taking title the respective owners made an agreement. The Building and Loan Association having contended that it had the right to close the entrance which afforded access to the stairway to the tenants of 1821 Diamond Street, and the purchaser of 1821 denying this, in order to "adjust the differences of opinion," without either party waiving any rights, The building association agreed on payment of one hundred dollars per month that Rosenbaum's tenant should have the right of ingress and egress through the stairway for the period of one year from March 1, 1928. He paid the stipulated sum for two months. This suit is brought to recover the sum alleged to be due for the remainder of the year being ten months. Morris Rosenbaum having died in the interim, his executors were substituted. At the trial the learned court instructed the jury to find in favor of the plaintiff.

The first defense urged is that the agreement, above mentioned, was without consideration and not binding upon defendant's decedent for when he purchased the property 1821 Diamond Street there was a visible easement in the stairway in No. 1823 which passed to him as the purchaser of 1821. Whether this be so we need not decide for the agreement was evidently made for the purpose of creating a temporary arrangement, a suspension of hostilities for the time being and although neither side waived any rights, the only construction that can be put upon the agreement is that the parties consented to forebear for the space of one year, and until that time the matter in dispute was to be held in abeyance. The purpose of the agreement was for the time being as stated therein to "adjust the differences of opinion;" that it could be terminated by either party after the expiration of a year did not affect its validity. It was binding upon the parties until terminated.

The agreement, above referred to, included inter

alia this clause: "In the event the fire marshal of Philadelphia, the housing commission or any duly constituted authority directs that the opening between 1821 and 1823 Diamond Street shall be closed, then the same shall be done pursuant to this authority and the cost thereof divided equally between the owner of 1821 Diamond Street and the owner of 1823 Diamond Street, and rental due under the letter of March 2nd shall terminate immediately as of the date of the closing of this opening." Rosenbaum after he had paid the rent for two months, as above stated, closed the opening between the two houses and erected a separate stairway to premises 1821 Diamond Street. He did this, as he alleges, in pursuance of an order issued by the City of Philadelphia through its Bureau of Building Inspection.

At the trial of the case the defendant put in evidence a written order issued by the Department of Public Health, Division of Housing and Sanitation directing Rosenbaum among other things to "erect a public stairway leading from the first floor to the third." The court recognized the validity of the order, but took the view that as the order was to erect a stairway, it had nothing to do with the closing of the hole mentioned in the agreement, stating, "there is no evidence to show that the hole was closed, or if closed that it was closed by the order of the department which had the authority to issue an order." We note in passing that the agreement of counsel states that the hole was closed. Defendant endeavored to prove that a verbal order had been given him to close the party wall, but the court ruled that, "no verbal order issued by a building inspector is binding upon a property owner." In this, we think the court was in error. If the authority resided in the person giving the order to issue it, it mattered not whether it was verbal or written; unless there was legislation requiring it to be in writing, it was a valid order. A verbal

order issued by one having authority to issue it, and obeyed by the party addressed has served its purpose and was just as good as a written order. Compliance with the order under ordinary conditions is a waiver of objections to its form. The agreement of the parties provided that if the constituted authority should direct the closing of the wall, the agreement should terminate. It may be that the defendants on a retrial will fail in their proof in this respect, but they have the right to at least attempt to prove that the party to whom the notice was given had the right to obey the order. The court having closed the door to the inquiry any proof of how the notice originated and the particulars involved as to what was properly done in compliance with it, were excluded. The first assignment of error is sustained.

Another assignment is directed to the refusal to allow the question: "Was it possible for that stairway to have been erected without the opening being closed?" What is meant by "that stairway" does not appear on the curtailed record submitted by counsel for the parties. We do not know whether the defendant was merely ordered to put up a stairway, and had the option to select the place it was to occupy, or whether its location was designated by the proper authorities. These facts not appearing we cannot decide the propriety of the inquiry. The assignment is overruled.

The judgment is reversed with a new venire.